UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
SHMUEL LOWENBEIN on behalf of himself and
all other similarly situated consumers

                     Plaintiff,

        -against-

PENTAGROUP FINANCIAL, LLC

                 Defendant.

----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  AUG 07 2012  ★

LONG ISLAND OFFICE

# CV-12 3923

## KORMAN, J.
### GO, M.
**SUMMONS ISSUED**

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Shmuel Lowenbein seeks redress for the illegal practices of Pentagroup

      Financial, LLC. concerning the collection of debts, in violation of the Fair Debt

      Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

      that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4.    Upon information and belief, defendant's principal place of business is located in

      Houston, Texas.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Shmuel Lowenbein*

9.    Upon information and belief, on a date better known by defendant, defendant began to
      attempt to collect an alleged consumer debt from the plaintiff.

10.   Within the one year immediately preceding this action, the defendant left many
      messages on the plaintiff's answering machine on numerous occasions.

11.   The caller failed to identify them self as a debt collector attempting to collect a debt.

12.   Upon information and belief, the said messages were either pre-scripted or pre-recorded.

13.   Defendant has engaged in a pattern of leaving messages without disclosing that the
      communication is from a debt collector.

14.   The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11)
      for failing to indicate that the messages were from a debt collector which constitutes a
      deceptive practice.

15.   On or about February 28, 2012 defendant left a message on a third party's voicemail
      regarding the debt.

16.   Said telephone message is in violation of 15 U.S.C. § 1692c by improperly disclosing to

-2-

an unauthorized third party that the plaintiff was receiving a communication from a debt collector.

Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 - Court of Appeals, 11th Circuit 2009,(explaining that the FDCPA does not guarantee debt collectors the right to leave answering machine messages) Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b) Debt collectors . . . should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters) Leahey v. Franklin Collection Serv., Inc., 756 F. Supp. 2d 1322, 1327 (N.D. Ala. 2010) (Defendant's motion to dismiss denied.

"This court agrees that a third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector as required by §1692c(b).")Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008) (Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication ... the FDCPA specifically requires that prior consent for third party communication be given directly to the debt collector by the consumer A third party, or the debtor in the presence of a third party, continuing to listen

-3-

to the message in spite of the warning does not qualify as prior consent directly to the

debt collector... we follow reasoning similar to Foti to find no reason that a debt

collector has an entitlement to use this particular method of communication. Debt

collectors have other methods to reach debtors including postal mail, in person contact,

and speaking directly by telephone. ) FTC v. Check Enforcement., No. Civ. A. 03-2115,

2005 WL 1677480, at *8 (D.N.J. July 18, 2005) (leaving messages on the debtor's home

answering machines, heard by third parties, was a violation of § 1692c(b)) defendants

left messages on home answering machines, which were overheard by family members

and other third parties, Thus, defendants have in fact engaged in prohibited

communications with third parties in violation of Section 805 of the FDCPA.)

ZORTMAN v. JC CHRISTENSEN & ASSOCIATES, INC., Dist. Court, Minnesota

2011 (the court found an FDCPA violation where a pre-recorded message containing

debt information was left on a debtor's voicemail and overheard by the debtor's family

members and neighbors Because the FDCPA is a strict liability statute that explicitly

includes an intent element when required, a plaintiff need not plead deliberate or

purposeful disclosure to third parties to state a claim under § 1692c(b)) Cordes v.

FREDERICK J. HANNA & ASSOCIATES, PC., Dist. Court, Minnesota 2011, ( -

Plaintiff alleged that Defendant violated the "FDCPA" by leaving multiple messages on

her home voicemail that were overheard by others The Court granted her motion.

Reaffirming the Zortman decision - Where Congress wanted to include an intent element

as part of an FDCPA violation, it has done so explicitly and the FDCPA is a strict-

-4-

liability statute, "which conflicts with requiring deliberate or purposeful intent ("The FDCPA, including § 1692c(b), is a strict liability statute and therefore does not require a showing of intentional conduct on the part of a debt collector to give rise to liability.").

In addition the term "communicate" does not focus on the intended recipient, but rather turns on whether the speaker "shares with or conveys information to another" one may communicate with an unintended audience (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium. Finally the FDCPA's "bona fide error defense" was inconsistent with a requirement that a debt collector purposefully or intentionally communicate with a third party in order to be held liable Gryzbowski v. IC System, Inc., 691 F. Supp. 2d 618 - Dist. Court, MD Pennsylvania 2010 (Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.) Carman v. CBE GROUP, INC., Dist. Court, D. Kansas 2011. (under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so) Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 - Dist. Court, SD Florida 2009 (FDCPA did not guarantee debt collector right to leave answering machine messages)Mark v. JC CHRISTENSEN & ASSOCIATES, INC., Dist. Court, Minnesota 2009. (The Court has no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient... [The defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method they

-5-

have selected to collect debts has put them there).

17. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

18. The Defendant, a foreign Texas LLC, filed an application for authority to do business in New York with the New York Department of State on March 22, 2006. The Dept. of corporations in New York confirmed that as of April 19, 2012, Pentagroup Financial, LLC. has not filed any affidavits or certificate of publication which leads them to be suspended from doing business in New York.

19. Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

20. At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and/or failed to file any sort of proof or affidavit of publication, as required.

21. Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

22. At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

23. During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

24. At the time of the mailing of the collection letters, Defendant's authority to do business

-6-

had been suspended.

25.   The least sophisticated consumer is unlikely to search and/or to have the ability or

knowledge to search Department of State records to determine whether Defendant's

authority to do business is suspended.

26.   Doing business in New York when Defendant's authority to do business had been

suspended violates 15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f.

27.   Section 1692e provides: § 1692e. False or misleading representations. A debt collector

may not use any false, deceptive; or misleading representation or means in connection

with the collection of any debt. Without limiting the general application of the

foregoing, the following conduct is a violation of this section:

(2) The false representation of-

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to

collect any debt § 1692f.

Unfair Practices: A debt collector may not use unfair or unconscionable means to collect

or attempt to collect any debt.

28.   Defendant violated the above provisions of the statute because they had no right to

collect this debt.

29.   Defendant's activities in collecting this debt were deceptive, misleading, and/or false.

30.   Defendant's collection techniques involved asking consumers to pay debts when they

had no legal ability to ask for payment.

31.   Defendant did not inform the consumer that the debt owed was to a defendant which had

-7-

no authority to do business in New York and/or that Defendant had no right to collect any money or to sue in New York.

32. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

33. The conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

34. As a result of the unlawful collection activity which the defendant engaged in, Plaintiff is entitled to damages pursuant to GBL §349.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

35. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-34 as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of plaintiff and the members of two classes.

37. Class A consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone

-8-

messages were placed without setting forth that the communication was from a debt
collector; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§
1692e(10) and 1692e(11).

38.     Class B consists of all persons whom Defendant's records reflect resided in New York
who received a telephonic message from defendant within one year prior to the date of
the within complaint up to the date of the filing of the complaint; (a) the telephone
message was overheard by an unauthorized third party and that the telephone message
were in violation of 15 U.S.C. 1692 §§ 1692c(b).

39.     Class C consists of all persons whom Defendant's records reflect resided in the State of
New York and who were sent a collection letter (a) bearing the defendant's letterhead in
substantially the same form as the letter sent to the plaintiff on or about September 20,
2011 sent within one year prior to the date of the within complaint (b) the collection
letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection
letter was not returned by the postal service as undelivered (d) and the plaintiff asserts
that the letter contained violations of 15 U.S.C. §§1692, 1692e, 1692e(2)(a),
1692e(5), 1692e(10) and1692f, for doing business when its authority to do so in New
York had been suspended.

40.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
preferable in this case because:

(A) Based on the fact that form telephonic messages and form collection letters are at
the heart of this litigation, the class is so numerous that joinder of all members is
impracticable.

43.   Collection letters, such as those sent by the defendant and telephonic messages made by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44.   The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

(a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 6, 2012

-11-

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-12-